| | |
|---|---|
| MARTIN NICKERSON JR.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GOVERNOR JAY INSLEE, Governor of Washington State, (in his Official Capacity), ATTORNEY GENERAL BOB FERGURSON, (in his official Capacity),CAROL NELSON, Director of Washington State Department of Revenue, (in her official Capacity), and DOES 1-10<br><br>　　　　　　Defendants. | No.<br><br>COMPLAINT TO DECLARE INVALID AND ENJOIN ENFORCEMENT OF TAXATION OF MARIJUANA FOR VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION |

The Plaintiff Martin Nickerson Jr. alleges as follows:

I.　　NATURE OF ACTION

1.　　This is a civil action against the State of Washington, and the Washington State Department of Revenue, for injunctive and declaratory relief enjoining the state from enforcement of any actions against the Plaintiff until this Court can decide whether the State of Washington's actions are preempted by the Federal Controlled Substance Act.

Complaint for Injunctive and Declaratory Relief- 1-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405

2. This complaint includes the following two causes of action:

(1) The Plaintiff seeks a declaratory judgment from this Court as to whether the State of Washington can tax actual sales of marijuana, medical or otherwise, under state law when it remains illegal federally under 21 USC et seq., the Supremacy clause, and Object Preemption Doctrine.

(2) Pending the answer to the Federal question above, The Plaintiff seeks a preliminary injunction enjoining the Washington State Department of Revenue from enforcement of tax warrants, liens, or any action against the Plaintiff while the Plaintiff is charged with and defending criminal violations relating to the same conduct in order to protect Plaintiffs Fifth Amendment rights.

II. JURISDICTION AND VENUE.

3. This Court has personal and subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 2201, 2202 (declaratory relief), 28 U.S. Code § 2283, and Fed. R.Civ.P.65 (Preliminary Injunction). This action arises under the Constitution and laws of the United States. Plaintiffs have arranged for timely service of process on the attorney general pursuant to Fed.R.Civ. P. 4(h)(2)(i)(1)

4. Venue is proper pursuant to 28 U.S.C. § 1391, as the relevant events took place in this district.

III. PARTIES

5. The Plaintiff is a United States citizen and resident of the State of Washington. Counsel for the Plaintiff is located at 119 1st Avenue South, Suite 260, Seattle, Washington 98104. Plaintiff is an individual participating in a "collective garden": as defined by Washington Senate Bill 5073 and codified under RCW 69.51A.085.

Complaint for Injunctive and Declaratory
Relief- 2-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405

6. Defendant Governor Jay Inslee, is the Governor of the State of Washington with responsibilities outlined in Wash. Const. art. III, and RCW 43.06.010, and is sued in his official capacity.

7 Defendant, Bob Ferguson is the Washington State Attorney General with responsibilities outlined in Wash. Const. art. III, and RCW 43.10, and is sued in his official capacity.

8. Defendant, Carol Nelson is the director of Washington State Department of Revenue (DOR) with the responsibilities outlined in RCW 82.01.060, , and is sued in her official capacity.

9. Defendants Does 1-10 are the officers, agents, contractors, and employees, along with those acting in concert with them, who have or will participate in the collection of taxes for marijuana from the Plaintiff, by virtue of their roles in designing, implementing, preparing, and/or carrying out duties to assess and collect taxes for marijuana, (collectively, DOR Employees).

## IV. BACKGROUND

10. Since 1972 Federal law lists marijuana as a Schedule I controlled substance. (Id., § 812[Schedule I(c)(10)].) Accordingly, the manufacture, distribution, or possession of marijuana is a federal criminal offense. (Id., §§ 841(a)(l), 844(a).) Marijuana remains illegal for any purpose under Federal law 21 U.S.C. § 801 et seq.

11. Federal prohibition against the possession and distribution of marijuana does not include an exception for medical marijuana. Comprehensive Drug Abuse Prevention and Control Act of 1970, §§ 202.

Complaint for Injunctive and Declaratory
Relief- 3-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807 F 206 299 3405

12.     Enacted in 1970 with the main objectives of combating drug abuse and controlling the legitimate and illegitimate traffic in controlled substances, the CSA creates a comprehensive, closed regulatory regime criminalizing the unauthorized manufacture, distribution, dispensing, and possession of substances classified in any of the Act's five schedules.

13.     In 1998, Washington voters, by an overwhelming majority, approved initiative 692, which was later codified as RCW 69.51A et seq, and allowed patients with certain terminal or debilitating conditions the right to use marijuana as medicine when authorized by a physician.  Since that time, RCW 69.51A et seq. has been amended numerous times, including amendments created by (ESSSB) 5073, 62 Leg.Reg.Sess. (Wash 2011).

14.     The medical marijuana statute in Washington State does not legalize the use of marijuana; rather it creates an affirmative defense for specific crimes under RCW 69.51A et seq.  Qualifying patients remain subject to arrest and prosecution for a violation of RCW 69.50 et seq.

15.     (ESSSB) 5073 created RCW 69.51A. 140 et seq. which authorized a Washington state city or county to issue business licenses and regulate marijuana related businesses, and collect local sales taxes, although marijuana still remains a crime under both state and federal law.

16.     RCW 6951A.140 states:

> "1) Cities and towns may adopt and enforce any of the following pertaining to the production, processing, or dispensing of cannabis or cannabis products within their jurisdiction: Zoning requirements, business licensing requirements, health and safety requirements, and business taxes. Nothing in chapter 181, Laws of 2011 is intended to limit the authority of cities and towns to impose zoning requirements or other conditions upon licensed dispensers, so long as such requirements do not preclude the possibility of siting licensed dispensers within the jurisdiction. If the jurisdiction has no commercial zones, the jurisdiction is not required to adopt zoning to accommodate licensed dispensers.

Complaint for Injunctive and Declaratory
Relief- 4-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405

(2) Counties may adopt and enforce any of the following pertaining to the production, processing, or dispensing of cannabis or cannabis products within their jurisdiction in locations outside of the corporate limits of any city or town: Zoning requirements, business licensing requirements, and health and safety requirements. Nothing in chapter 181, Laws of 2011 is intended to limit the authority of counties to impose zoning requirements or other conditions upon licensed dispensers, so long as such requirements do not preclude the possibility of siting licensed dispensers within the jurisdiction. If the jurisdiction has no commercial zones, the jurisdiction is not required to adopt zoning to accommodate licensed dispensers."

17. Washington State counties and cities have been granted the power through RCW 82.14. et seq. to collect local sales taxes in excess of the state rate of .065 percent, thus allowing the City of Bellingham to collect a local sales tax of .022 percent. The total combined sales tax for doing business in the City of Bellingham is .087 percent.

18. RCW 69.51A 140 et seq. created a positive conflict with 21 U.S.C. § 903, because RCW 69.51A et seq. purports to grant Washington cities and counties authority to regulate a schedule I controlled substance.

19. In 2011, an investigation was initiated on Northern Cross Collective by the Bellingham Police Department for the offense of Conspiracy to Commit Delivery of a controlled Substance (marijuana) codified under RCW 69.50.401, which is a class C felony, and other possible felony drug charges.

20. On or about May 31, 2011, The Department of Revenue began to notify medical marijuana establishments and clubs as to the Departments belief that it could tax marijuana transactions. (DOR's 2011 Special Notice Memorandum) [Attachment A]

Complaint for Injunctive and Declaratory
Relief- 5-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405

21. On or about March 15th, 2012 the Bellingham Police Department executed a search warrant for Northern Cross Collective in Whatcom County. Some of the seized evidence resulted in an administrative in rem property forfeiture action, case number 11B-76767. At that time the Bellingham Police Department seized all monies and other items in the possession of Mr. Nickerson located in Whatcom County. (Second Information for Whatcom County Criminal Matter). [Attachment B].

22. On or about March 15, 2012, Mr. Nickerson's home was also raided by the Skagit County Drug Enforcement Agency, this task force consisting of both federal and local agents, along with local agencies in Skagit County Washington, and unfiled criminal charges are still pending. The search of the home resulted in yet another in rem forfeiture action for property seized in Skagit County, and that matter is active and currently stayed pending the outcome of the Whatcom County Criminal matter.

23. On or about November 13, 2013, DOR issued Martin Nickerson, D.B.A. Northern Cross Collective Gardens an excise tax assessment in the amount of $6,188.19

24. On or about November 13, 2013 DOR issued Northern Cross Collective Gardens an excise tax assessment in the amount of $47,783.42.

25. On or about November 19, 2013, DOR received representation notification for Attorney Douglas Hiatt. At that time DOR was notified that an ongoing criminal proceeding was active and Mr. Nickerson could not defend against DOR's tax assessment without risk of self-incrimination, effectively waiving his Fifth Amendment constitutional protections.

Complaint for Injunctive and Declaratory
Relief- 6-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807 F 206 299 3405

26. On or about December 30, 2013, the Washington State Department of Revenue sent Martin Nickerson, doing business as Northern Cross Collective Gardens a tax warrant in the amount of $7,155.29 for unpaid sales tax for not collecting taxes for marijuana sales.

27. On or about December 30, 2013, the Washington State Department of Revenue sent Northern Cross Collective a tax warrant in the amount of $55,016.95 for unpaid sales tax for failure to collect sales tax for marijuana sales.

28. On or about December 31, 2013, the DOR began another campaign to collect taxes of marijuana and began mailing letters to several hundred businesses explaining that taxes apply to transactions of marijuana. see DOR, Section on Medical marijuana taxes focus on Revenue outreach; available at, http://dor.wa.gov/Content/AboutUs/newsroom/2013/123113.aspx; DOR Policy Letter. (Last visited on May 2, 2014) and Letter from DOR, re: Excise Tax on Marijuana) [Attachment C].

29. On or about January 8, 2014, at the request of DOR's revenue agent, Martin Nickerson formally appealed the tax assessments to the DOR, requesting a hearing to determine whether the DOR had the legal authority to tax marijuana.

30. On or about January 24, 2014 DOR formally denied the appeal petition for untimely filing, thus exhausting all administrative remedies.

31. On or about January 13, 2014 the DOR filed two warrants with the clerk of the court and received judgments in the amounts of $55,016.95, and $7,155.29 respectfully. ( ( Conformed copy of tax warrants) [Attachment D].

Complaint for Injunctive and Declaratory
Relief- 7-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807 F 206 299 3405

32. On or about March 10, 2014, JP Morgan Chase Bank pursuant to DOR's garnishment order to withhold and deliver all proceeds in its possession, paid the DOR $824.23(Bank account statement re: garnishment) [Attachment E].

33. On or about April 3, 2014, the DOR sent petitioner two prehearing conference notices to discuss options for payment of the tax warrants.

34. On or about April 11, 2014, the DOR sent Plaintiff a notice requiring monthly excise taxes to be reported and paid via electronic means only, pursuant to RCW 82.32.080. (Letter from DOR re; electronic filing and payments) [Attachment F]

35. On or about April 16, 2014, the DOR notified Plaintiff that it intends to proceed with additional sanctions for failure to pay taxes on marijuana.

## V. GENERAL ALLEGATIONS

36. The federal CSA does not contain an express preemption clause. Rather, the federal CSA preempts state or local laws which fail the test for obstacle and conflict preemption see 21.U.S.C. § 903.

37. Taxation of a schedule I controlled substance by the DOR violates 21.U.S.C. § 801 et seq. Congress has determined that marijuana is a controlled substance. Congress placed marijuana in Schedule I of the Controlled Substances Act (CSA) and as such, it is a violation of federal law, regardless of state laws permitting its use.

38. While there is not field or express preemption, Congress has expressed its intent to have marijuana remain in schedule one and has occupied the area in which the state of Washington is attempting to regulate and tax actual sales of marijuana. Under the Supremacy clause, U.S. Const. amend. VII, § 2., the States are forbidden from frustrating the purposes of the Federal law.

Complaint for Injunctive and Declaratory
Relief- 8-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405

39. The Federal CSA contains a provision setting forth the extent to which it preempts other laws. It provides: "No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together." (21 U.S.C. § 903.)

40. RCW 69.51A.140 allows for a city or county to regulate a federally illegal activity by issuing business licenses, collecting business taxes, imposing zoning requirements and other activities in direct conflict with the CSA.

41. Washington State has enacted a law granting cities the ability to regulate marijuana, even though it is apparent that RCW 69 51A.140 et seq.Constitution conflicts with federal law.

42. State law is pre-empted to the extent that it actually conflicts with federal law. There is positive conflict between the provisions of the CSA and the State law allowing for taxation of sales of marijuana.

43. RCW 82.04 235 grants the DOR authority to issue a notice and order to withhold property of any kind belonging to a taxpayer against whom a warrant has been filed and deliver said property including costs and penalties to the DOR.

44. The DOR has begun enforcement of a lien for proceeds derived from alleged sales of marijuana, and initiated additional civil sanctions while a criminal matter is pending. Despite invoking Fifth Amendment protections, the State is compelling Mr. Nickerson to respond to these civil matters or be deprived of property with no recourse.

Complaint for Injunctive and Declaratory Relief- 9-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405

45. The state has obtained continuing tax warrants and has begun seizing Mr. Nickerson's assets. The DOR enforced the lien by taking $824.23 from the Plaintiff's bank account.

46. The Plaintiff seeks a preliminary injunction to stop the seizure of his assets and enjoin the DOR from further actions during the pendency of the State charged criminal matter, and until this Court can determine if the State's actions are allowed under federal law.

47. The DOR is requiring the Plaintiff who allegedly purchased, donated, or sold marijuana to collect and remit sales tax under the authority RCW 82.04.030, while the state is simultaneously investigating and prosecuting the Plaintiff for eleven counts of violations of Uniform Controlled Substance Act, see RCW 69.50 et seq.

48. The above mentioned criminal matter is currently pending in Whatcom County Superior Court, case number 12-1-00283-8.

49. The State of Washington DOR officials violate Federal law requiring that the Plaintiff commit additional violations of federal law because he <u>must</u> comply with monthly tax reporting and tax payments via electronic means only, pursuant to RCW 82.32.080.

50. 21 U.S.C. § 843(b) states:
"It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication".

Complaint for Injunctive and Declaratory
Relief- 10-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405

51. The U.S. Attorneys for the Eastern and Western Districts of Washington have taken the position, that "state employees" who conduct activities which would establish a licensing scheme would not be immune from liability under the CSA. see U.S Attorney Jenny A. Durkan and U.S. Attorney Michael C. Ormsby, Letter to Governor Christine Gregorie, April 14, 2011. (Letter from U.S. Attorneys Durkan and Ormsby to Christine Gregorie) [Attachment G]

52. State of Washington DOR's actions are forcing the Plaintiff to engage in activity is illegal under the CSA, because there it is impossible to collect taxation without first creating a licensing scheme.

53. 21 U.S.C. states:

> "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy".

54. Violations of the Plaintiff's constitutional protections against self- incrimination, due process of law, and the right to a fair trial by an impartial jury are jeopardized because the DOR is concurrently pursuing a civil action while the criminal matter is pending. The Plaintiff is without the ability to defend against the DOR's claims which is causing immediate and irreparable injury to the Plaintiff. see (Affidavit of Douglas Hiatt in Support of Complaint)

## FIRST CAUSE OF ACTION
### Federal Question

55. Declaratory Relief – Violation of the Fifth, Sixth and Fourteenth Amendments-

56. Plaintiff re-alleges and incorporates by reference all of the proceeding paragraphs

Complaint for Injunctive and Declaratory
Relief- 11-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405

57. The Plaintiff seeks a declaratory judgment by this Court as to whether the State of Washington and its DOR is preempted from collecting taxes on the sales of marijuana in violation of 21 U.S.C. 841§§ 841(a)(l), 844(a).).

58. The Plaintiff seeks a declaratory judgment from this Court whether the State of Washington DOR officials violate Federal law by requiring that the Plaintiff continue to violate federal law 21.U.S.C. § 843(b) § 846 .

59. The State of Washington has an established sales tax scheme which the State has determined applies to retail sales of marijuana. This tax provides for local and state governments to share percentages of the retail sales tax. Other types of permits and regulations on marijuana at the local and county level were made possible by legislation. The effect of this statute appears to grant authority to local and county governments to authorize licensing, and collect local taxes on an activity that is a crime. see RCW 69. 51A. 140.et seq.

## SECOND CAUSE OF ACTION

### Injunctive Relief

60. Injunctive Relief – Violation of the Fifth, Sixth and Fourteenth Amendments- Void for violating the right against compelled self- incrimination, right to fair trial and impartial jury, right to equal protection under the law.

61. The Fifth Amendment to the U.S. Constitution provides in relevant part that no person "shall be compelled in any criminal case to be a witness against himself."

62. In order to comply with the DOR, Plaintiff must choose between incriminating himself or defying the DOR and accrue civil penalties and subsequent enforcement actions without any ability to defend himself without incrimination on the charged

Complaint for Injunctive and Declaratory
Relief- 12-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405

criminal conduct. It is clear the information sought by the DOR includes an admission by Plaintiff that he is an active participant in the possession and distribution of medical marijuana, a crime under both State and Federal law

63. The enforcement of the tax warrants issued by the DOR without the ability to defend against it will cause immediate and irreparable injury to the plaintiff, including but not limited to loss of property, civil penalties, and violation of constitutional rights.

64. Because Defendants' refusal to stay the civil action pending the termination of a related criminal proceeding will cause harm that cannot be adequately compensated in damages, Plaintiff request that this Court provide preliminary and permanent injunctive relief enjoining the Defendants' from enforcing the tax warrants with respect to Plaintiff and those similarly situated.

65. In addition, Sixth Amendment guarantees to a criminal defendant a fair trial by an impartial jury may be jeopardized by the publicity inevitably generated by a state administrative investigation and civil proceeding. The publicity may make it impossible to empanel an impartial jury to hear the criminal case.

IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks the following relief from this Court:

A. A declaratory judgment, pursuant to 28 U.S.C. §§ 2201, 2202 et seq. (the Declaratory Judgment Act), from this Court as to whether the State of Washington is preempted from collecting taxes on sales of marijuana in violation of 21 U.S.C. 801 et seq.

B. A preliminary injunction prohibiting the enforcement of the tax warrants issued by the DOR as unconstitutional.

Complaint for Injunctive and Declaratory
Relief- 13-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405

C.   A permanent injunction prohibiting the State of Washington from collecting taxes as it pertains to an illegal federal substance under 21 U.S.C. § 841 et seq.

D.   Such other relief that the Court deems just and proper.

Dated this 8th, day of May, 2014.

DOUGLAS HIATT
LAWYER

By: s/ Douglas Hiatt
Douglas Hiatt, WSBA #21017
119 1st Avenue South, Suite 260
Seattle, Washington 98104
Telephone: (206) 412-8807
Facsimile:  (206) 299-3405
Email: douglas@douglashiatt.net
Counsel for Plaintiff: Martin Nickerson

Complaint for Injunctive and Declaratory
Relief- 14-14

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405