UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTIN NICKERSON JR., <br><br> Plaintiff, <br><br> v. <br><br> GOVERNOR JAY INSLEE, Governor of Washington State, (in his Official Capacity), ATTORNEY GENERAL BOB FERGURSON, (in his official Capacity),CAROL NELSON, Director of Washington State Department of Revenue, (in her official Capacity), and DOES 1-10 <br><br> Defendants. | No. <br><br> **AFFIDAVIT OF DOUGLAS HIATT IN SUPPORT OF COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Douglas Hiatt declares under penalty of perjury of the laws of the State of Washington as follows: I am a licensed attorney in good standing with all bars to which I am admitted, both State and Federal. I am competent to be a witness in this matter and have personal knowledge of the facts stated herein.

I currently represent Martin Nickerson in an ongoing criminal prosecution, brought by the State of Washington, Whatcom County cause number 12-1-00283-8, filed on 03/15/2012. Nine of the charges allege possession, delivery, and conspiracy to deliver

marijuana in violation of State law. Mr. Nickerson has entered pleas of not guilty to all charges and is awaiting trial on these and other matters. I also represent Martin Nickerson in two ongoing civil forfeiture actions one in Whatcom County and the other in Skagit County.

During the course of the case, the state Department of Revenue, hereafter DOR, sent letters to Mr. Nickerson demanding that he register with them and begin remitting sales tax on sales of marijuana that they believed were occurring at the Northern Cross Patient Co-op. Mr. Nickerson received letters seeking admissions that the sales tax applied to marijuana sales and seeking information on the amount of sales of marijuana taking place at the co-op. These letters and some phone call inquiries sought admissions that clearly violate Mr. Nickerson's Fifth Amendment rights. The department upped the ante when these inquiries were met with Fifth Amendment assertions, the DOR then decided to send tax assessments for actual dollar amounts that reflected the sales they believed were occurring, with appeal periods to run in thirty days.

The department began to actively pursue information from Mr. Nickerson in October of 2013. These requests for information pertaining to the sales of marijuana went unanswered, because contesting or disputing the tax amounts would have been a violation or an admission for Fifth Amendment purposes.

Any response, any response at all, has potential Fifth Amendment problems, in the context of the ongoing State criminal prosecution. The State would be free to take information and statements and use them in the subsequent criminal prosecution. If you admit to paying sales tax on sales of marijuana, it would be tough to maintain no delivery of marijuana under the criminal charge. Forcing Mr. Nickerson to respond to the state tax inquiry would implicate and compromise, if not outright deny his Fifth Amendment protections.

AFFIDAVIT OF DOUGLAS HIATT IN
SUPPORT OF COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF- 2 -4

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405

1    On November 19, 2013 I contacted Gary Hooker at the DOR to discuss the tax
2 assessments that were filed on November 13, 2013. At that time Mr. Hooker was aware of
3 the criminal proceedings against my client and refused to continue the matter until my client
4 was no longer in jeopardy of self- incrimination. On Friday, January 3, 2014, the department
5 through revenue agent Gary Hooker told me I had to file an appeal for the assessments as
6 soon as possible, because he was intending to file and execute the tax warrants on Mr.
7 Nickerson's property. I filed an appeal on Wednesday, January 8, 2014 yet the department
8 filed the tax warrants with the clerk of the court on January 13, 2014. The department sent
9 Mr. Nickerson two tax unfiled tax warrants even though I continued to speak to Mr. Hooker
10 concerning this matter. The appeal that I filed on January 8, 2014 was officially rejected on
11 January 24, 2014 for untimely filing.

12    The Fifth Amendment problem had been brought to the department's attention
13 when discussing the issues with counsel. On numerous occasions The DOR, through
14 Revenue Agent Gary Hooker, attempted to assure counsel that the department would adhere
15 to strict policies not to disclose or discuss taxpayer matters. Counsel informed Mr. Hooker
16 of the ongoing criminal prosecution and requested that the tax matter be stayed pending the
17 outcome of the criminal case. Counsel discussed the issue of a stay of the tax matter in
18 deference to Fifth Amendment concerns, but was told this was not possible. As late as
19 March 14, 2014 Revenue Agent Hooker maintained that tax returns must be filed and he
20 must pay the assessed tax, even in the face of the ongoing state criminal prosecution.

21    The DOR then issued Tax warrants to be executed against Mr. Nickerson's property,
22 bank accounts, and business which had been filed with the Superior Court Clerk in
23 Whatcom County. Counsel contacted Revenue agent Gary Hooker again in an effort to
24 determine if any stay was possible, and to find out the Assistant Attorney General who

AFFIDAVIT OF DOUGLAS HIATT IN
SUPPORT OF COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF- 3 -4

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405

represents the DOR in these matters. Counsel was told on Jan 31 2014 by Agent Hooker that Mr. Nickerson had until the 7th of Feb 2014 to register and to make payment arrangements and that any time after the 7th the Department could move to enforce the tax warrants.

Counsel spoke with Assistant Attorney General Cam Comfort, who represents the DOR, about the possibility of a stay and seeking a declaratory judgment on the questions of first impression generated by the Department's assertion that it can tax medical marijuana. The DOR, through AAG Cam Comfort, informed counsel that no agreements were possible regarding litigation and no joint declaratory actions would be possible.

Counsel contacted Governor Jay Inslee's counsel, Nicholas Brown, on Feb 4th to ask if a stay of enforcement could be entertained until a solution could be worked out, or a potential declaratory judgment action filed, on the issues surrounding taxation of marijuana. Counsel was told to go ahead and file suit, that no agreement or negotiation was possible.

On March 10th the Department executed a tax warrant on Mr. Nickerson's bank account removing 824.23 dollars and emptying the account. The DOR has informed us that they will continue collection actions and will seek additional remedies as they see fit. They have also sent notice that he must register to pay all future taxes electronically as now required by the state, and all filing must be done electronically as well.

The attachments A through G are true and correct copies of the originals and are offered in support of the complaint and this affidavit.

Dated this 7th day of May, 2014, at Seattle Washington.

DOUGLAS HIATT
LAWYER

s/: Douglas Hiatt

AFFIDAVIT OF DOUGLAS HIATT IN
SUPPORT OF COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF- 4 -4

DOUGLAS HIATT
119 1ST AVE. S. STE 260
SEATTLE, WASHINGTON 98104
T 206 412-8807  F 206 299 3405