UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN NICKERSON JR, <br><br>         Plaintiff, <br><br>    v. <br><br> JAY INSLEE, et al., <br><br>         Defendants. | CASE NO. C14-692 MJP <br><br> ORDER ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. No. 15.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 18), Defendants' Reply (Dkt. No. 20), and all related papers, and having heard oral argument on August 1, 2014, the Court hereby DISMISSES the action for lack of subject matter jurisdiction and for reasons of comity.

**Background**

Plaintiff is a participant in a "collective garden" called Northern Cross Collective Gardens ("Northern Cross"). (Compl., Dkt. No. 1 at ¶ 5.) The Washington State Medical Use of Cannabis Act allows certain patients to create a "collective garden" by sharing the

1  responsibilities for the production and use of medical marijuana. RCW 69.51A.085(2). (Dkt. No.
2  1 at ¶ 5.) Under Washington law, a collective garden, such as Northern Cross, is required to
3  report and pay state taxes, namely a generally applicable B&O tax and retail sales tax, on its
4  medical marijuana sales. RCW 82.04.220, 82.08.020. (Dkt. No. 1 at ¶ 20; Dkt. No. 1, Attach. A
5  at 2.)

6    On November 13, 2013, the Washington State Department of Revenue issued an excise
7  tax assessment of $6,188.19 against Martin Nickerson, d/b/a Northern Cross Collective Gardens
8  and an excise tax assessment of $47,783.42 against Northern Cross. (Dkt. No. 1 at ¶¶ 23–24.)
9  Plaintiff opposed the assessment on Fifth Amendment grounds. (Id. at ¶ 25.) (He was facing state
10 court drug charges at the time. (See Dkt. No. 1, Attach. B.)) Plaintiff attempted to appeal the tax
11 assessment on January 8, 2014, but the appeal was denied as untimely. (Id. at ¶¶ 29–30.) His
12 accounts were nonetheless garnished by the state. (Id. at ¶ 32.)

13   Plaintiff challenges RCW 69.51A.140 (the medical marijuana statute), arguing that
14 taxation of marijuana is conflict preempted by the Controlled Substances Act. (Dkt. No. 1 at ¶
15 42.) Plaintiff also argues that complying with the Washington Department of Revenue would
16 violate his Fifth Amendment right against self-incrimination and right to a fair trial under the
17 Sixth Amendment. (Id. at ¶¶ 60–65.)

18   Plaintiff requests a declaratory judgment stating whether the state of Washington is
19 preempted from collecting taxes on sales of marijuana, a preliminary injunction prohibiting the
20 enforcement of tax warrants issued by the Department as unconstitutional, and a permanent
21 injunction prohibiting the state of Washington from collecting taxes on controlled substances
22 under the CSA. (Id. at 13–14.)

23
24

1   Defendants argue Plaintiff is seeking injunctive and declaratory relief with respect to
2   Washington's tax laws and that such relief is barred by the Tax Injunction Act and precluded by
3   comity considerations. (Dkt. No. 15 at 4–10.)

**Analysis**

I.   Tax Injunction Act

The Tax Injunction Act states:

> [T]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C.A. § 1341. Defendants argue that there is a "plain, speedy and efficient remedy" for Plaintiff in state courts and that therefore this Court is obliged not to hear this case. (Dkt. No. 7–9). Plaintiff counters that there is no plain, speedy, and efficient remedy and that the Tax Injunction Act should not apply because the controversy turns on federal law and because of the strong federal interest in the outcome of the case. (Dkt. No. 18 at 2.)

Plaintiff's Complaint clearly seeks to enjoin the collection of a state tax, so the suit can be maintained only if it falls within an exception to the TIA—namely, that there is no plain, speedy and efficient remedy in Washington courts. Even setting aside the administrative remedies foregone by Plaintiff, Plaintiff may bring his preemption and Fifth, Sixth, and Fourteenth Amendment claims directly in state court. See RCW 82.32.150 (providing exception to bar on suit to enjoin taxes where the taxpayer alleges "violation of the Constitution of the United States or that of the state").

There is limited case law finding exceptions to the general applicability of the Tax Injunction Act. Courts hold that the Tax Injunction Act does not apply to ERISA preemption claims because ERISA provides for "exclusive jurisdiction" in the federal district courts for any

case attempting to enjoin acts or practices that violate ERISA. See 29 U.S.C. § 1132(e); E-Sys., Inc. v. Pogue, 929 F.2d 1100 (5th Cir. 1991) (holding that there can be no effective state remedy in state courts where federal courts have exclusive jurisdiction); Hattem v. Schwarzenegger, 449 F.3d 423, 427 (2d Cir. 2006) (holding that under ERISA "the [Tax Injunction Act] does not bar suit in federal court"). None of these cases hold, however, that preemption alone would justify bypassing the Tax Injunction Act.

Courts do not find the Tax Injunction Act inapplicable merely because the taxpayer asserts a Fifth Amendment right not to participate in taxation proceedings. See Jerron West v. State Bd. of Equalization, 129 F.3d 1334, 1337 (9th Cir. 1997); see also Vasilinda v. United States, 487 F.2d 24, 25 n.2 (5th Cir. 1973) (per curiam). Neither is there an exception to the Act where the taxpayer seeks only declaratory relief. California v. Grace Brethren Church, 457 U.S. 393, 408 (1982).

Plaintiff's argument that federal interest alone is enough to bypass the Tax Injunction Act is incorrect in light of the preemption and Fifth Amendment cases where the professed interest was equally present, and he has cited no cases that justify finding an exception under the rationale that Washington courts would not be able to provide a "plain, speedy and efficient remedy" in assessing his preemption or Fifth Amendment claims.

II. Comity

Even if Plaintiff were able to show that his claims could not be pursued in state court, Defendants are correct that principles of comity would nonetheless prevent this Court from hearing the case. See Levin v. Commerce Energy, Inc., 560 U.S. 413, 431 (2010) ("Comity . . . serves to ensure that 'the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not

unduly interfere with the legitimate activities of the States.'") (citation omitted). Comity is a particularly powerful consideration "when lower federal courts are asked to pass on the constitutionality of state taxation of commercial activity." Id. at 421. Plaintiff is asking a federal court to interfere in an exceedingly delicate area where state laws sanctioning and criminalizing similar conduct exist side by side, and overlapping federal jurisdiction is subject to prosecutorial discretion. In addition, Plaintiff is seeking review of these issues in the course of challenging state taxes. Comity requires that this Court decline this invitation.

## Conclusion

Because Plaintiff's suit does not fall within an exception to the Tax Injunction Act, and because principles of comity apply, the Court DISMISSES the suit pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 7th day of August, 2014.

Marsha J. Pechman
Chief United States District Judge